Filed 12/17/24  P. v. Cordova CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B327275 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA102942-01 consolidated with NA111756-01) |
| v. | |
| DARWIN CORDOVA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Laura L. Laesecke, Judge.  Affirmed.

William P. Melcher, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

Darwin Cordova appeals from his judgment of conviction from a no contest plea.

On May 9, 2016, the trial court conducted the first preliminary hearing for this case. The People adduced the following facts in the preliminary hearing. On June 28, 2015, Jacob Escobar, Sr., was in his girlfriend's car with his three children in the back seat. While Escobar stopped at a red light, Cordova sat in another car, "mad dog[ging]" him. Then, Escobar drove to the home of his youngest child's mother. Because the child did not want to stay with his mother, Escobar returned to the car with the child when he heard gun shots. Escobar was shot in his right ankle while putting his four-year-old child in a car seat. This child was also shot in the middle finger of his right hand. Escobar's two older children were in the backseat when the car sustained damage from bullets, and Escobar's girlfriend was in the front seat. Law enforcement arrested Cordova in a white 2000 Honda Civic, which matched Escobar's description of the car that Cordova was driving just before the shooting. Escobar later reviewed a six pack of photos and identified Cordova as the person who shot him and his son.

On August 21, 2019, the trial court presided over a second preliminary hearing regarding additional allegations where the People adduced the following facts. On July 2, 2015, as Luis Hernandez, who was 14 years old at the time, walked toward his friend's house, he saw a white Honda Civic. Cordova exited from the Honda, walked towards Hernandez, and shot Hernandez once in the back and twice in the ribs. Cordova ran away after shooting Hernandez. Hernandez went into a coma, but he survived. On July 5, 2015, Hernandez identified Cordova from a photo lineup.

2

On April 13, 2022, the People filed an amended information. The People charged Cordova with the following offenses: for counts 1, 2, and 6, attempted murder (Penal Code,[1] §§ 664 and 187, subd. (a)); for count 3, child abuse (§ 273a, subd. (a)); for count 4, shooting at an occupied motor vehicle (§ 246); for counts 5 and 7, possession of a firearm by a felon (§ 29800, subd. (a)(1)); and for count 8, assault with a firearm (§ 245, subd. (a)(2)). The People alleged multiple enhancements. Regarding counts 1, 2, 4 and 6, the People alleged firearm enhancements under section 12022.53, subdivision (d). For count 6, the People alleged firearm enhancements under section 12022.53, subdivisions (b)–(c). Regarding counts 1, 2, 4, and 6, the People alleged gang enhancements under section 186.22, subdivisions (b)(4) and (b)(1)(C). For count 3, the People alleged a firearm enhancement under section 12022.5, subdivision (a). For counts 1 and 6, the People alleged great bodily injury enhancements under section 12022.7, subdivision (a). Regarding counts 5 and 7, the People alleged gang enhancements under section 186.22, subdivision (b)(1)(A). Finally, for counts 2, 3, 4, and 8, the People alleged great bodily injury enhancements under section 12022.7, subdivision (d).

On October 6, 2022, the trial court granted the People's motion to amend the information via interlineation to add count 9, charging Cordova with assault with a semi-automatic firearm under section 245, subdivision (b). Count 9 was also amended to allege a 10-year gun enhancement under

---

[1] All further undesignated statutory citations are to the Penal Code.

section 12022.5, subdivision (a). The People struck the premeditation allegation on count 1.

Cordova pled no contest to counts 1 and 9, and he admitted the great bodily injury and firearm enhancements on count 1. The trial court accepted the plea.

The trial court then sentenced Cordova to a term of 22 years in prison consistent with the plea agreement. On count 1, the trial court sentenced Cordova to a high term of nine years. It sentenced Cordova to an additional nine years for the gun enhancement and an additional three years for the great bodily injury enhancement. For count 9, the trial court sentenced Cordova to a middle term of six years to run concurrently with the sentence for count 1. Cordova received 3,026 custody credits, with credit for 2,632 actual days served and 394 conduct credits.

Cordova timely appealed and received a certificate of probable cause. Cordova appealed the denial of his motion to dismiss for violating his speedy trial rights and due process rights. In the trial court, Cordova argued that the People unconstitutionally delayed bringing charges related to the July 2, 2015 allegations.

We appointed counsel to represent Cordova on appeal. After an examination of the record, appellate counsel filed an opening brief which raised no issues and requested this court conduct an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). On August 2, 2024, we advised Cordova that he had 30 days in which to submit a supplemental brief stating any grounds for appeal or arguments that he wished for this court to consider. Cordova did not submit a supplemental brief.

4

We have examined the record and are satisfied Cordova's appellate attorney has fully complied with the responsibilities of counsel and no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 119; *Wende, supra,* 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.

VIRAMONTES, J.

WE CONCUR:

STRATTON, P. J.

GRIMES, J.